(No. 4862–)

FRED BOELKOW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 16, 1960.*

MELVIN A. GARRETSON, Attorney for Claimant.

WILLIAM L. GUILD, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant, Fred Boelkow, brings this action to recover $406.50 for damage to his automobile, which collided with a State of Illinois mowing machine on September 25, 1958 on Route No. 41 near its intersection with highway No. 163 in Lake County, Illinois.

Josephine Boelkow, wife of claimant, testified that she was driving south on the extreme left southbound lane of the six lane highway. The southbound lanes were separated from the northbound lanes by a grass parkway. She observed a southbound State vehicle in the same lane ahead of her. It turned off onto the parkway when she was approximately two car lengths behind it and proceeding at a speed of 20 miles per hour. She continued south until she heard or felt a jolt caused by an impact between the State vehicle and claimant's vehicle. She stopped within one car length, and did not move her automobile until the police arrived. The State mowing machine, however, was moved. She stated that the front of the State machine came in contact with the left rear side of claimant's vehicle. At the time of the impact the State vehicle was facing west at a right angle to her automobile.

Frank Brown, an employee of the Division of Highways, State of Illinois, testified that he was mowing the parkway with a Ferguson mower on the date of the accident. He had gone south along the east edge of the parkway, and had started to turn right to head back north and mow a strip along the west edge of the parkway. He then observed Mrs. Boelkow start to pass another automobile on a curve. He stated she partially left the pavement, went into a gulley on the parkway, and struck the mowing machine, which was stopped off the highway headed west at the time of the collision. The left rear door to the left rear bumper of claimant's automobile

was damaged when it hit the front end of the mowing machine as Mrs. Boelkow swerved to the right.

This is all of the testimony offered by both parties, and it is in absolute conflict. We see no more reason to give credence to Mrs. Boelkow than to Mr. Brown from the evidence appearing in this record. The evidence is no more than evenly balanced, and claimant has not borne the burden of proving that respondent was negligent and proximately caused the collision.

We must, therefore, deny this claim.